UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-00014-D

GEORGE COOPER, SR. and )
GEORGE COOPER, JR., )
)
    Plaintiffs, )
)
v. )
)
BRUNSWICK COUNTY SHERIFF'S )
DEPARTMENT, JAMES SHEEHAN, )
BRIAN CARLISLE, RONALD HEWETT, )
DAVID CROCKER, GENE CAISON, )
KEVIN HOLDEN, and JOHN INGRAM, )
)
    Defendants. )

**ORDER AND
MEMORANDUM AND
RECOMMENDATION**

This matter is before the Court on Plaintiffs' Motion to Amend Complaint [DE-24] and Defendant Brunswick County Sheriff's Department's Motion to Dismiss [DE-27]. Seven of the eight defendants have responded to Plaintiffs' motion to amend complaint, and the time for response has passed as to the eighth. Plaintiffs have responded to Defendant BCSD's motion to dismiss, and Defendant BCSD has replied. Thus, both motions are presently ripe for review. Judge Dever has referred the motion to amend complaint to the undersigned Magistrate Judge for disposition and the motion to dismiss for a memorandum and recommendation.

## STATEMENT OF THE CASE

On January 29, 2010, George Cooper, Sr. and his minor child George Cooper, Jr. (collectively "Plaintiffs") filed a Complaint [DE-1] against (1) the Brunswick County Sheriff's Department ("BCSD"); (2) Brunswick County Sheriff's deputies James Sheehan, Brian Carlisle, David Crocker, Gene Caison, and Kevin Holder; (3) current Brunswick County Sheriff John Ingram; and (4) former Brunswick County Sheriff Ronald Hewett (collectively "Defendants").

1

In their complaint, Plaintiffs alleged federal and state law claims in connection with the non-fatal shooting of Plaintiff George Cooper, Sr. by two Brunswick County Sheriff's deputies in May of 2007. Seven of the eight defendants—all except for Defendant Hewett—collectively filed an Answer [DE-13] on April 2, 2010. Defendant Hewett filed a separate Answer [DE-14] on April 6, 2010.

On July 15, 2010, Plaintiffs filed a Motion to Amend Complaint [DE-24]. In their motion, Plaintiffs requested leave to amend in order to show that Plaintiff George Cooper, Jr., a minor child, is represented in this action by his parent and guardian, Plaintiff George Cooper, Sr. All defendants except for Defendant Hewett filed a Response [DE-26] to the motion to amend complaint on July 20, 2010. Defendant Hewett did not file a response to Plaintiffs' motion to amend complaint.

Defendant BCSD filed a Motion to Dismiss [DE-27] on July 22, 2010. In it, Defendant BCSD argued that it lacks the capacity to be sued in federal court. Plaintiffs filed a Response [DE-29] to the motion to dismiss on August 12, 2010 and Defendant BCSD filed a Reply [DE-30] to the response, also on August 12, 2010.

## STANDARD OF REVIEW

### A. Motion to Amend Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave and the court should freely give leave when justice so requires. The Supreme Court has enunciated the following general standard to be employed by a court in making a Rule 15(a) determination:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Thus, generally, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis and citation omitted).

### B. Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) permits a court to dismiss an action which fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). To satisfy the pleading requirements, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations are taken to be true and must be sufficient to raise the right to relief above the speculative level. *Id.* Accordingly, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009).

### DISCUSSION

### A. Plaintiffs' Motion to Amend Complaint

In their motion to amend complaint, Plaintiffs request that leave to amend be granted because none of the *Edwards* factors weighing against amendment are present; namely, there would be no prejudice to Defendants, there is no suggestion of bad faith, and the amendment itself would not be futile. Instead, Plaintiffs argue that the Court should grant leave to amend

3

because they seek amendment only in order to show that Plaintiff George Cooper, Jr. is represented by his parent and guardian, George Cooper, Sr. Furthermore, Plaintiffs point out that they made their motion to amend before the time for filing such a motion had expired.

The defendants that have responded to Plaintiffs' motion to amend complaint do not oppose Plaintiffs' motion insofar as it seeks to show that George Cooper, Jr. is represented by his parent and guardian George Cooper, Sr. However, these defendants do argue that the Court must require Plaintiffs to comply with North Carolina law by having the Court formally *appoint* George Cooper, Sr. as the guardian of George Cooper, Jr. before allowing amendment of the complaint to reflect that status.

The question before the Court thus appears to be one regarding procedure and not the substance of the complaint. Under the federal rules, no special appointment procedure is required when the proposed guardian is a general guardian. Fed. R. Civ. P 17(c)(1) ("The following representatives *may sue* or defend on behalf of a minor or an incompetent person: (a) a general guardian . . .") (emphasis added). This would apply if, as here, the proposed guardian was a natural parent of the minor child. However, by contrast, case law indicates that the corresponding procedural rule in North Carolina reflects a more involved process:

> [I]n North Carolina a next friend or guardian Ad litem must be appointed in accordance with established procedures and standards. It has long been the law in North Carolina that a *next friend or guardian Ad litem cannot step forward and assume on his own the authority to prosecute the infant plaintiff's suit; rather, his authority is based on appointment by the court.*

*Genesco, Inc. v. Cone Mills Corp.*, 604 F.2d 281, 285-86 (4th Cir. 1979) (emphasis added). The *Genesco* court went on to clarify that this rule "reflect[s] a special concern of the North Carolina courts for protecting the interests of the infant" and that, as a result, "*even the parent or other natural guardian* of the infant cannot step forward as self-appointed guardian Ad litem, nor will

the courts make such appointments in a perfunctory manner." *Id.* (emphasis added). *See also Simmons v. Justice,* 87 F.Supp.2d 524, 529-31 (W.D.N.C. 2000) (reaffirming the applicability of and discussing the ruling in *Genesco* at length). In addition, this rule has been cited as still valid, albeit in dicta, quite recently in another North Carolina federal court. *See Verbal v. Krueger,* 2010 WL 276644, at *3 n.4 (M.D.N.C. Jan. 15, 2010) ("[I]t appears that . . . Plaintiff also currently cannot even 'sue' on behalf of [her minor child] because she has neither sought, nor obtained court approval. . . . North Carolina law . . . apparently does not authorize a parent to sue on behalf of a minor child without court approval, [citing *Genesco,* 604 F.2d at 285-86].").

Generally, leave to amend will be granted so long as there is no danger of prejudice, bad faith, or futility, and the Court agrees with Plaintiffs that it is unlikely any of the forbidden consequences will arise in association with their proposed amendment. However, the responding defendants appear to be correct in their assertion that Plaintiffs have not complied with the proper procedure for appointment of a guardian for a minor plaintiff in a North Carolina lawsuit. Therefore, the Court does not find it appropriate to grant Plaintiffs' motion to amend complaint in order to reflect Plaintiff George Cooper, Sr.'s status as the guardian of Plaintiff George Cooper, Jr. until Plaintiffs have provided proof of Plaintiff George Cooper, Sr.'s appointment as such pursuant to North Carolina law.

Accordingly, the Court finds that Plaintiffs' motion to amend complaint should be denied *without prejudice*, with leave to re-file after Plaintiffs have complied with the appropriate North Carolina procedures for appointment of Plaintiff George Cooper, Sr. as the guardian of George Cooper, Jr.

### B. Defendant BCSD's Motion to Dismiss

In its motion to dismiss, Defendant BCSD argues that the BCSD does not have the legal capacity to be sued and that thus, Plaintiffs have failed to state a claim upon which relief may be granted as to that defendant, pursuant to Rule 12(b)(6). In support of this contention, Defendant BCSD points to established North Carolina precedent that a county sheriff's department lacks the capacity to be sued in the federal courts of this state.

In response, Plaintiffs do not dispute the fact that there is no direct authority for maintaining a federal suit against a county sheriff's department in North Carolina. Rather, Plaintiffs make what appears to be a novel argument. They note that the statute which allows causes of action against county sheriffs *personally* does so by requiring them to purchase a surety bond. N.C. Gen. Stat. § 58-76-5 (2010). They then point to another statute which governs the purchase of liability insurance by a county and its effect on immunity. N.C. Gen. Stat. § 153A-435(a) (2010). That statute vests county commissioners with the power to determine "what officers agents, and employees shall be covered" by a policy and thus, according to Plaintiffs, which entities may be sued for their actions. Plaintiffs argue that Brunswick County has purchased liability insurance and explicitly included the BCSD as an entity within the terms of its coverage, thereby waiving the BCSD's immunity from suit.[1]

A complaint which states a claim against a defendant that lacks the capacity to be sued will be dismissed for failure to state a claim upon which relief may be granted. Rule 17(b) provides that state law will dictate when a governmental agency has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b)(3). In North Carolina, "[u]nless a statute provides to the contrary, only persons in being may be sued." *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. Ct.

---

[1] Plaintiffs attach a portion of the Brunswick County liability insurance contract [DE-29-1] to their briefing in response to Defendant BCSD's motion to dismiss. It appears that Plaintiffs are referring to the fact that the Definitions section of the contract states that "covered persons" means, among others, "the law enforcement department of the Participant named in Section VI," reference to which indicates "Brunswick County."

6

App. 1988), *overruled in part on other grounds by Meyer v. Walls*, 489 S.E.2d 880 (N.C. 1997). Accordingly, absent statutory authority, a county sheriff's department may not be sued in the federal courts of this state.

North Carolina has a statute that authorizes suit against a county sheriff for actions arising out of their official conduct, N.C. Gen. Stat. § 58-76-5, and a statute authorizing suits against a county itself, N.C. Gen. Stat. § 153A-11 (2010). However, there is no companion statute which would authorize a suit against a county sheriff's *department*. Accordingly, numerous cases have held that sheriff's departments lack the capacity to be sued in the federal courts of this state. *See, e.g., Parker v. Bladen County*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (Dever, J.) ("[A] county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department."); *Efird v. Riley*, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004) ("There is no North Carolina statute authorizing suit against a county's sheriff's department. . . . [T]he sheriff, rather than the department or associated county, may be held liable for employment law violations within the department."); *Hill v. Robeson County, North Carolina*, --- F. Supp. 2d ----, 2010 WL 2104168, at *11 (E.D.N.C. May 20, 2010) (Dever, J.) (finding Robeson County Sheriff's Department lacked capacity to be sued and granting motion to dismiss); *Hargett v. Forsyth County Sheriff's Office*, 2005 WL 4542859, at *2 (M.D.N.C. Sept. 29, 2005) ("the 'Sheriff's Office' is not a legal entity subject to suit under the law of North Carolina").[2]

Here, the Court agrees with Defendant BCSD that the weight of the authority strongly establishes that a county sheriff's department is immune from suit in the federal courts of North

---

[2] Similarly, numerous additional cases have consistently held that police departments may not be sued. *See e.g. Lincoln v. City of Greenville*, 2011 WL 285231, at *5 (E.D.N.C. Jan. 26, 2011); *Haddock v. Jacksonville Police Dept.*, 2010 WL 4722038, at *2 (E.D.N.C. Oct. 18, 2010); *Moore v. City of Asheville*, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003).

7

Carolina. Plaintiffs' argument, while creative, lacks merit. Essentially, Plaintiffs attempt to convince the Court that the mere mention of a law enforcement department as a covered person in an insurance policy is enough to overcome the lack of any explicit statutory authority for suits against county sheriff's departments in this state and the existence of numerous prior decisions addressing this very question. However, even if this were the case, the Court notes that the very statute upon which Plaintiffs attempt to rely, N.C. Gen. Stat. § 153A-435(a), allows a county to purchase insurance for "itself and any of its officers, agents, or employees." This list does *not* include the word "entities," and thereby does not necessarily address the ramifications of a county's attempt to purchase insurance for its sheriff's department.

The Court is convinced that the BCSD lacks capacity to be sued and that therefore, Plaintiffs have failed to show that they are entitled to relief. Accordingly, pursuant to Rule 12(b)(6), the Court recommends that Defendant BCSD's motion to dismiss be granted for failure to state a claim upon which relief may be granted and that the complaint be dismissed as against Defendant BCSD.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint [DE-24] is **DENIED WITHOUT PREJUDICE**, with leave to re-file after Plaintiffs have complied with the appropriate North Carolina procedures for appointment of a guardian. Further, it is **RECOMMENDED** that Defendant BCSD's Motion to Dismiss [DE-27] be **GRANTED** and that the Complaint [DE-1], as against Defendant BCSD *only*, be **DISMISSED**.

The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from

receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 7th day of February 2011.

_____
DAVID W. DANIEL
United States Magistrate Judge