IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-14-D

GEORGE COOPER, SR., and )
GEORGE COOPER, JR., )
)
    Plaintiffs, )
)
v. ) **ORDER**
)
BRUNSWICK COUNTY SHERIFF'S )
DEPARTMENT, JAMES SHEEHAN, )
BRIAN CARLISLE, RONALD HEWETT, )
DAVID CROCKER, GENE CAISON, )
KEVIN HOLDER, and JOHN INGRAM, )
)
    Defendants. )

On September 27, 2012, the court issued an order in this case, granting in part and denying in part defendants' motions for summary judgment [D.E. 63]. On October 19, 2012, the remaining defendants, James Sheehan and Brian Carlisle, filed a motion to amend or reconsider ("motion to amend") the court's September 27 order to the extent that it denied qualified immunity, at this stage, to defendants on George Cooper Sr.'s ("plaintiff") state law negligence and gross negligence claims [D.E. 67–68]. Defendants were uncertain, however, about whether the court would consider the motion to amend under Federal Rule of Civil Procedure 54(b) or 59(e), thereby affecting defendants' appellate filing deadlines under Federal Rule of Appellate Procedure 4(a). Defendants filed a separate motion for an order from the court either granting an extension of time to file a notice of appeal or clarifying that the court would consider the motion to amend under Rule 59(e) [D.E. 69]. Plaintiff does not oppose defendants' motion for an extension of time or a clarifying order.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. A judgment is "any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Fourth Circuit has held that "[t]o the extent that an order of a district court rejecting a government official's qualified immunity defense turns on a question of law, it is a final decision . . . and therefore is

subject to immediate appeal." Winfield v. Bass, 106 F.3d 525, 528 (4th Cir. 1997) (en banc). The Fourth Circuit has yet to determine whether litigants seeking reconsideration in the district court of a district court's denial of qualified immunity based on questions of law should move under Rule 54(b) or Rule 59(e). But other federal courts have regarded Rule 59(e) as a proper vehicle for those challenges. See Frost v. Ozmint, C/A No. 8:07-83-JFA-BHH, 2008 WL 615864, at *1–3 (D.S.C. Feb. 29, 2008) (unpublished); Campbell v. Town of S. Pines, 401 F. Supp. 2d 480, 482 (M.D.N.C. 2005), rev'd in part and dismissed in part sub nom., Campbell v. Galloway, 483 F.3d 258, 266 n.2 (4th Cir. 2007); Thompson v. Farmer, 945 F. Supp. 109, 111 (W.D.N.C. 1996); accord Springer v. Albin, 398 F. App'x 427, 432–33 (10th Cir. 2010) (unpublished) (collecting cases).

Here, defendants' motion to amend raises a purely legal challenge regarding the court's application of North Carolina state law to defendants' qualified immunity claims. In lieu of seeking reconsideration in this court, defendants could have appealed directly to the U.S. Court of Appeals for the Fourth Circuit. Accordingly, the court construes defendants' motion to amend as brought under Rule 59(e). Thus, pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), defendants' time to file a notice of appeal from the September 27 order is tolled pending disposition of the motion to amend.

In sum, the court GRANTS in part and DENIES in part defendants' motion for extension of time or clarification [D.E. 69]. The court ORDERS that defendants' motion to amend [D.E. 67] is properly brought under Federal Rule of Civil Procedure 59(e) and defendants' time to file a notice of appeal is tolled pending the court's disposition of the motion to amend. The court DENIES defendants' request for an extension of time in which to file a notice of appeal as moot. Plaintiff's response to defendants' motion to amend remains due pursuant to local rules.

SO ORDERED. This 16 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge

2