IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-14-D

| | |
|---|---|
| GEORGE COOPER, SR., and GEORGE COOPER, JR., <br><br> Plaintiffs, <br><br> v. <br><br> BRUNSWICK COUNTY SHERIFF'S DEPARTMENT, JAMES SHEEHAN, BRIAN CARLISLE, RONALD HEWETT, DAVID CROCKER, GENE CAISON, KEVIN HOLDER, and JOHN INGRAM, <br><br> Defendants. | **ORDER** |

On September 27, 2012, the court granted in part and denied in part defendants' motions for summary judgment [D.E. 63]. On October 19, 2012, the remaining defendants, James Sheehan and Brian Carlisle, filed a motion to amend or reconsider that order, pursuant to Federal Rule of Civil Procedure 59(e), to the extent that it denied qualified immunity, at this stage, to Sheehan and Carlisle on George Cooper Sr.'s ("plaintiff") state law negligence and gross negligence claims [D.E. 67–68]. On November 9, 2012, plaintiff responded in opposition [D.E. 72].

A movant under Rule 59(e) must demonstrate "either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010). Only the third prong is implicated here. See [D.E. 68] 5.

Defendants raise two arguments in their motion to amend. First, defendants cite Jenkins v. North Carolina Department of Motor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956), for the proposition that defendants cannot be liable for negligence or gross negligence because they intentionally shot the plaintiff. See [D.E. 68] 7–8. The North Carolina Court of Appeals, however,

has repeatedly declined to construe Jenkins's reference to intentional acts as broadly as defendants suggest. See Burt ex rel. Cnty. of Wake Adult Guardianship Program v. N.C. Dep't of Corr., No. COA04-60, 2004 WL 2940893, at *3 (N.C. Ct. App. Dec. 21, 2004) (unpublished); Jackson v. N.C. Dep't of Crime Control & Pub. Safety, 97 N.C. App. 425, 431–32, 388 S.E.2d 770, 774, review denied, 326 N.C. 596, 393 S.E.2d 878 (1990); cf. Britt v. Hayes, 142 N.C. App. 190, 192–93, 541 S.E.2d 761, 762–63 (2001). Second, defendants argue that, under Shaw v. Stroud, 13 F.3d 791, 803 (4th Cir. 1994), state-law official immunity precludes their liability for negligence and gross negligence. See [D.E. 68] 9. Defendants misconstrue both Shaw and this court's September 27 order. See [D.E. 63] 29 & n.7; see also Epps v. Duke Univ., Inc., 122 N.C. App. 198, 205–07, 468 S.E.2d 846, 852–53 (1996). Thus, the court concludes there was no clear error of law or manifest injustice in its September 27 order.

In sum, defendants' motion to amend or reconsider [D.E. 67] is DENIED. The matter is set for trial on Monday, March 11, 2013, at 10:00 a.m. in courtroom one of the Terry Sanford Federal Building.

SO ORDERED. This 14 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge